UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
RICHARD E. LEWIS,                                                      :
:
                      Plaintiff,                               :
:      22 Civ. 6024 (JPC) (SN)
          -v-                                                          :
:      ORDER ADOPTING
:      REPORT AND
COMMISSIONER OF SOCIAL SECURITY,                                       :      RECOMMENDATION
:
                      Defendant.                              :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    *Pro se* Plaintiff Richard E. Lewis brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final determination of the Commissioner of Social Security denying his application for Supplemental Security Income. Defendant moved to dismiss, arguing that Plaintiff failed to commence this action within sixty days of receiving his final determination notice. Dkts. 15-19. On March 1, 2023, Judge Sarah Netburn, to whom this case has been referred, issued a Report and Recommendation, recommending that the Court grant Defendant's motion. Dkt. 21 ("Report and Recommendation"). Defendant served Plaintiff with the Report and Recommendation on March 7, 2023. Dkt. 24. Plaintiff filed a timely objection on March 14, 2023. Dkt. 25.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party submits a timely

objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). The district court reviews those portions of a report and recommendation to which no timely objection was filed only for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

"The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'" *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

"A final decision of the Social Security Administration (SSA) must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision." *Velez v. Apfel*, 229 F.3d 1136, at *1 (2d Cir. 2000) (unpublished) (citing 42 U.S.C. § 405(g)). "A claimant is presumed to receive notice of the SSA's final decision within five days of the date of such notice. The claimant thus has 65 days from the date of a final decision notice to file suit." *Id.* (citing 20 C.F.R. § 422.210(c)); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)); *see also* Report and Recommendation at 2. While this filing deadline is subject to equitable tolling, "equitable tolling requires a showing of both extraordinary circumstances and due diligence." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation marks and citations omitted). "[A]

2

litigant must show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Id.* (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)).

Plaintiff filed the Complaint on July 14, 2022.  Dkt. 2 ("Compl.").  Attached to the Complaint is the final determination notice of the SSA's Appeals Council dated May 3, 2022, *id.* at 4, and the Complaint alleges that "plaintiff received the letter from the Appeals Council on (date of receipt of letter) 5/3/22," *id.* ¶ 8.  *See id.* at 4 ("**We Have Denied Your Request for Review** . . . . [T]his means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.").  Accordingly, the Complaint was filed seventy-two days after the date of the final decision and the date on which Plaintiff alleges he received the final determination letter.  Thus, the Complaint was not filed within the period set by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c).  Despite multiple opportunities, Plaintiff failed to oppose Defendant's motion to dismiss or present any argument for why equitable tolling is appropriate.  *See* Dkts. 19-20 (Orders of Judge Netburn noting Plaintiff's lack of opposition to Defendant's motion).

In the Report and Recommendation, Judge Netburn reasoned that even though "[t]here remains a possibility that Plaintiff's delay was justified, or that he did not receive notice within the presumptive five-day period," "[b]ecause Plaintiff has not responded to Defendant's motion to dismiss, the Court is unable to evaluate the issue of equitable tolling."  Report and Recommendation at 2.  Judge Netburn directed Plaintiff to advise of any such "extraordinary circumstances [that] prevented Plaintiff from timely filing this case" within fourteen days, but that "[a]bsent further basis to consider Plaintiff's case on the merits, I recommend that Defendant's motion to dismiss be granted."  *Id.* at 3.

In his objection, Plaintiff contends that "[d]uring 2022 from January 2022 until February 2023 my entire Building did not receive mail.  We had to go to our local post office to pick up our mail. Even at the post office our mail was often late." Dkt. 25 at 1.  This is insufficient to establish extraordinary circumstances or due diligence to warrant equitable tolling of 42 U.S.C. § 405(g)'s filing deadline.  While Plaintiff contends that "our mail was often late" arriving at the post office, he does not contend that the final determination notice, in particular, arrived late, or that he was somehow prevented from traveling to the post office to collect the mail.  To the contrary, according to the allegations in the Complaint, which the Court is required to accept as true on a motion to dismiss, Plaintiff received notice of the SSA's final determination on May 3, 2022.  Compl. ¶ 8.  But even if the final determination notice did arrive late (contrary to the allegation in the Complaint), Plaintiff does not explain in his objection or otherwise when the final determination arrived or what steps he took following receipt of the notice that would demonstrate that he diligently pursued his claim.  Accordingly, the Court finds that Plaintiff has failed to put forward any facts to demonstrate that equitable tolling would be appropriate.  Thus, because Plaintiff failed to commence this action within sixty days of receipt of notice of the SSA's final determination, and has failed to present any basis to toll that period, the action is dismissed.

Accordingly, the Court adopts the Report and Recommendation in its entirety.  The Clerk of Court is respectfully directed to close Docket Number 15, and to close this case.

SO ORDERED.

Dated: April 5, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge